IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARNELL MEANS, Y51826, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 23-cv-4011-DWD |
| | ) |
| PINCKNEYVILLE CORR. CTR., | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Petitioner Darnell Means, an inmate of the Illinois Department of Corrections (IDOC), brings this mandamus action concerning his incarceration at Pinckneyville Correctional Center (Pinckneyville). (Doc. 1). Means has also moved to add additional information to his pleading. (Doc. 7).

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Petition**

Means' Petition was submitted on a fill-in-the blank form meant for use in Illinois State court, with reference to 735 ILCS 5/14-101 et. seq.. (Doc. 1). In the Petition, Means complains that he was deprived of various rights and amenities after an insufficient disciplinary hearing. (Doc. 1 at 1-2). He has also submitted an inmate grievance form which provides more details about his situation. Specifically, Means alleges that he was afforded inadequate due process at a disciplinary hearing concerning an alleged staff assault. (Doc. 1 at 5). He alleges that he requested a witness for his disciplinary hearing but was not allowed to call that person at the hearing, the hearing was not conducted in a confidential setting, and his ability to present his own statement and evidence was restrained by the disciplinary committee members who showed little patience for him. (Doc. 1 at 5-6). Means suggests that he got "90 days back here, 60 days C-grade." (Doc. 1 at 6). Means seeks a new disciplinary hearing that complies with due process, or the dismissal of the allegations. (Doc. 1 at 3).

In his Motion to Add Additional Information (Doc. 7), Means alleges that the Illinois State Police have begun a preliminary or ongoing investigation into the conduct of the officer who wrote the ticket that gave rise to his disciplinary hearing. Means suggests that the allegations against him were retaliatory and fabricated. He further alleges that the documentation he needs from the prison to appeal the discipline has also been withheld in an act of retaliation. (Doc. 7 at 1-2). He alleges additional due process concerns with recent events, and he suggests he has been retaliated against for filing this lawsuit. (*Id.* at 2-3).

## Analysis

Means has clearly and unequivocally filed this action as an application for writ of mandamus. (Doc. 1 at 1). The generic writ of mandamus has been abolished. Fed. R. Civ. P. 81(b). Two different federal statutes govern Writs of Mandamus, and Means cited neither. *See* 28 U.S.C. § 1361 and 28 U.S.C. § 1651. Regardless, federal courts have no authority to grant mandamus relief against state officials. Rather, federal mandamus jurisdiction is limited to actions against "an officer or employee of the United States or any agency thereof." *See* 28 U.S.C. § 1361. Section 1651 also does not vest the Court with jurisdiction to issue the writs of mandamus action against state officials because there is no other independent basis of jurisdiction. *See* 28 U.S.C. § 1651(a); *United States v. Spadafora*, 207 F.2d 291 (7th Cir. 1957) (Section 1651 is not an independent basis for jurisdiction, it only authorizes a court to grant mandamus relief to the extent necessary to effectuate things in an action already within its jurisdiction). Thus, this Court lacks jurisdiction to issue a Writ of Mandamus on Petitioner's behalf to anyone at Pinckneyville Correctional Center.

By contrast, the Court notes that the issues identified by Means in his petition are of the sort that could potentially be raised in a Section 1983 lawsuit. Section 1983 allows inmates to pursue a civil cause of action against local government officials for violations of their constitutional rights. The Court will not automatically convert Means' writ of mandamus application into a § 1983 action without his permission, but he will be afforded a 30-day window to file an amended pleading under § 1983 if he wishes to do so.

Means will be afforded 30 days to file an amended complaint subject to the issues outlined in this Order. The Clerk of Court is **DIRECTED** to mail Means a copy of the standard civil rights template. Any amended pleading will be considered as a freestanding document, so Means should be sure to include any information he wishes to file within the bounds of his pleading, rather than submitting motions to add information after the fact.

## Disposition

Means' writ of mandamus (Doc. 1) is **DISMISSED** for lack of jurisdiction. His Motion to Add Additional Information (Doc. 7) is **DENIED** without prejudice. Means shall have 30 days to file an amended complaint, failing which this case will be dismissed. The Clerk of Court is **DIRECTED** to send Means a copy of the civil rights template to assist him in filing an amended pleading.

**IT IS SO ORDERED.**

Dated: January 29, 2024

/s *David W. Dugan*
DAVID W. DUGAN
United States District Judge